1  NEEL LAW GROUP
   A Professional Corporation
2  Randolph L. Neel
   801 North Brand Blvd., Suite 310
3  Glendale, CA  91203
   Telephone:  818-901-1403
4  Facsimile:  818-901-0880
   State Bar No. 165136
5
   Attorney for Debtors/Movants
6  Matthew and Dawn Fernandez

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 _____ ) Case No.: 2:10-bk-19495-VZ
                                    )
12 MATTHEW S. FERNANDEZ             ) DEBTORS' MOTION TO DETERMINE
                                    ) THE SECURED STATUS AND VALUE OF
13      and                         ) SECOND TRUST DEED HOLDER
                                    ) CHASE/J.P. MORGAN CHASE'S
14 DAWN S. FERNANDEZ                ) SECURITY AND TO AVOID SECOND
                                    ) TRUST DEED HOLDER CHASE/J. P.
15            Debtors/Movants,      ) MORGAN CHASE'S LIEN AND TO
                                    ) DISALLOW SECOND TRUST DEED
16                                  ) HOLDER CHASE/J. P. MORGAN
                                    ) CHASE'S SECURED CLAIM (11
17                                    U.S.C. § 506(a) and (d)) AND
                                      FRBP RULE 3012; DECLARATION OF
18                                     IN SUPPORT, DECLARATION OF
                                      DEBTOR IN SUPPORT; DECLARATION
19                                    OF RANDOLPH L. NEEL IN SUPPORT

20                                    Date:  June 14, 2010
                                      Time:  11:00 a.m.
21                                    Ctrm:  1368
                                      Place: 255 East Temple St.
22                                    Los Angeles, CA

23

24      TO THE COURT, THE CHAPTER 13 TRUSTEE, THE AFFECTED

25 CREDITORS, CREDITOR'S COUNSEL OF RECORD IF ANY, AND OTHER

26 INTERESTED PARTIES:

27

28                             1

Debtors and Movants herein, Matthew and Dawn Fernandez, hereby request that this Court, pursuant to 11 U.S.C. §§ 506(a) and 506(d) and Federal Rules of Bankruptcy Procedure Rule 3012, determine the value of the interest of creditor Chase/J. P. Morgan Chase's (hereinafter "Chase") in the debtors' real estate and determine the amount, if any, of the allowed secured claim. Chase is successor in interest to Washington Mutual.  In support of this motion, the debtors state as follows:

1.  The debtors filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on March 15, 2010.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(K).  This is a core proceeding.

3.  Debtors' interest in real property arose out of a grant deed recorded in name of debtors as joint tenants.  Exhibit A.

4.  The subject property is commonly described as:  15025 Dunton Drive, Whittier, CA  90604 (Exhibit A) and legally described as:  Lot 113 of Tract No. 14446, County of Los Angeles, State of California, as per Map recorded in Book 384, Page(s) 23 to 28 inclusive, of Maps, in the office of the County Recorder of said County.  Exhibit A, page 19.

5.  At the time the debtors filed the Petition they believed the value of their interest in the subject real estate was $250,000.00.  Exhibit B.

6.  The debtors' interest in the real estate is subject to two liens.  Exhibits A and C.

7.  The first lien arises out of a Deed of Trust in favor

2

of United Financial Mortgage Corp. ("United") dated January 4, 2006. Exhibit A.  Successor in interest Bank of America has not yet filed a Proof of Claim, however a recent statement indicates the balance is $385,417.19 as of December 31, 2009.  Exhibit D.

8.   The debtors were not current at the time of filing the Petition and provided for an estimated $38,693.00 on page 4 of the Chapter 13 Plan filed in this case.  Exhibit E.

9.   The second lien arises out of a deed of trust for a home equity loan executed by the debtors in favor of Washington Mutual Bank recorded on October 19, 2007.  Exhibit C.

10.   Successor in interest Chase has not yet filed a Proof of Claim, however a recent statement indicates that they believe the principal balance on the loan account number ending in 4982 was $57,271.27 as of December 26, 2009.  Exhibit F.  The loan was not current at filing of the Petition, being $2,362.50 in arrears at that time.  Exhibit F.

11.   The lien securing Chase is junior to the lien of Bank of America.  Exhibits A and C.

12.   The debtors have asked a California state licensed appraiser, Robert A. De Luna, #AL027184, to offer an opinion as to value of the real property.  That opinion concludes that the value is $265,000.00 as of March 24, 2010 by sales comparison approach.  Exhibit G.

13.   The equity or value of the secured interest of first trust deed holder, is $0.00 because the amount of the first lien exceeds the value of the real estate by $120,417.19, thereby rendering the lien in favor of the second trust deed holder

3

wholly unsecured.

14.    Pursuant to 11 U.S.C. § 506(a), the allowable secured claim of the second trust deed holder is $0.00.  The value of the second trust deed holder's secured interest in the real estate is $0.00 because the value of the lien in favor of the first trust deed holder greatly exceeds the value of the real estate, rendering the lien in favor of the second trust deed holder wholly unsecured.

15.    The balance of any claim of the second trust deed holder is allowable only as a non-priority general unsecured claim.

18.    Based upon the attached valuation declaration, attached exhibits, Memorandum of Points and Authorities, and Declaration of Debtor, and pursuant to the provisions of 11 U.S.C. 506(a) and FRBP Rule 3012, the claim of second trust deed holder is wholly unsecured with the result that the second trust deed "lien" is void pursuant to 11 U.S.C. 506(d) and must be set aside and otherwise avoided by an Order by this Court.

WHEREFORE the debtors pray this Court to:

a.    Value the subject property at $265,000.00.

b.    Value the secured interest of Chase in the subject property at $0.00 with the entire claim for the principal balance allowed as a general unsecured claim only.

c.    Grant such other relief as may be necessary and proper under the law.

DATE:    May 19, 2010                Respectfully submitted,
                                     NEEL LAW GROUP


                                     /s/ Randolph L. Neel
                                     Randolph L. Neel
                                     Attorney for Debtors




                  MEMORANDUM OF POINTS AND AUTHORITIES

        Debtors offer the following Points and Authorities in

support of their Motion to Determine the Secured Status and Value

of Second Trust Deed Holder Chase/J. P. Morgan Chase ("Chase")

and to Avoid Second Trust Deed Holder Chase's Lien and to

Disallow Second Trust Deed Holder's Secured Claim, under 11

U.S.C. § 506(a) and (d), and Federal Rule of Bankruptcy Procedure

Rule 3012.

    **A.    A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE**

           **VALUE OF THE COLLATERAL AND UNALLOWED SECURED CLAIMS**

           **ARE VOID.**

        Title 11 U.S.C. § 506(a) and (d) provide in pertinent part

that:

                (a)  An allowed claim of a creditor secured by a lien
                on property in which the estate has an interest, . . .
                is a secured claim to the extent of the value of such
                creditor's interest in the estates interest in such
                property, . . .  Such value shall be determined in the
                light of the purpose of the valuation and of the
                proposed disposition or use of such property, and in
                conjunction with any hearing on such disposition or use
                or on a plan affecting such creditor's interest.

                (d)  To the extent that a lien secures a claim against
                the debtor that is not an allowed secured claim, such
                lien is void, . . ..

1     Federal Rule of Bankruptcy Procedure 3012 provides that the

2 court may determine the value of a claim secured by a lien on

3 property in which the estate has an interest on motion of any

4 party and after noticed hearing.  FRBP Rule 3012.

5     **B.**   **THE SECOND LIEN SHOULD BE EXTINGUISHED AND RECONVEYED**

6         **SINCE THE SUBJECT PROPERTY IS WORTH LESS THAN THE**

7         **BALANCE OWED ON THE FIRST DEED OF TRUST.  THUS THE**

8         **SECOND LIEN IS VOIDABLE AND SHOULD BE AVOIDED.**

9     Subsequent to the decision of the United States Supreme

10 Court in Nobleman v. American Savings Bank, 508 U.S. 324, 113 S.

11 Ct. 2106, 124 L. Ed. 2d 228, numerous courts have dealt with the

12 issue of the modification of the rights of a holder of a wholly

13 unsecured second trust deed lien holder.

14     The most preeminent case on point is Tam Ly Lam and Mai Thi

15 Lam v. Investors Thrift, *(In re Lam)* 211 B.R. 36 (B.A.P. 9th Cir.

16 1997), wherein the Court determined that where a junior lien

17 holder is wholly unsecured as determined by fair market value,

18 the rights of the lienholder may be modified and further, that

19 the lien held by such a lienholder may be avoided by Court Order.

20 Id. at 41.

21     In Lam, the lienholder of a fourth deed of trust failed to

22 oppose the debtors' complaint that the lienholder was wholly

23 unsecured and therefore the lien should be avoided.  The fair

24 market value of the property was undisputed at $300,000.00.  The

25 senior lien and the two junior liens totaled $786,044.00.  The

26 fourth trust deed holder's lien was for $17,193.00.  The fourth

27 was the only wholly unsecured lienholder.  The BAP overturned the

28

bankruptcy court's ruling that <u>Nobleman</u> prohibited the stripping

of the lien and held that the rights of a <u>wholly</u> unsecured

lienholder may be modified by avoiding the lien.

Although this request to avoid a lien is brought essentially

as an objection to claim rather than an adversary action, the

facts of this case are otherwise markedly similar to <u>Lam</u>.  The

fair market value of the property is $265,000.00 according to an

estimate of value by a professional knowledgeable about the local

real estate market.  Exhibit G.  The senior lien is for

$385,417.19.  Exhibit D.  The second lien is for approximately

$57,271.27.  Exhibit F.  The second lienholder is the only wholly

unsecured lienholder.

Based on the BAP's decision in <u>Lam</u>, an order should be

entered in this case avoiding the lien of second trust deed

lienholder herein.

Perhaps the best and most comprehensive decision in this

type of issue was rendered in <u>In re Sette</u>, decided in the United

States Bankruptcy Court for the Eastern District of New York on

March 4, 1994 which involved a factual situation similar to the

facts in the instant case.  In re Sette, 164 B.R. 453 (ED Pa.

1994).

In <u>Sette</u>, the Chapter 13 debtor sought a determination from

the Bankruptcy Court to treat the holder of the second trust deed

loan against their residence was "wholly unsecured" and that the

second mortgage on their home, based upon the wholly unsecured

status of the creditor, represented an unsecured claim which is a

voidable lien pursuant to 11 U.S.C. § 506(a) and (d), 11 U.S.C. §

1   1322(b)(2), 11 U.S.C. § 1327© and 11 U.S.C. § 1325(a)(5)(b).    The cre

2   <u>Sette</u> court found as follows:

3           "Despite the holding of <u>Nobleman</u> the Supreme Court

4           did not preclude a preliminary section 506(a)

5           analysis.  The court determined that the parties

6           were correct in looking to section 506(a) of the

7           Bankruptcy Code for a judicial valuation of the

8           collateral to determine the status of the bank's

9           secured claim but decided that (in Nobleman), "The

10          bank is still a holder of a secured claim because

11          the debtor's home retained... value as

12          COLLATERAL", <u>Nobleman</u> *supra*.  In the case at bar

13          it is clear that the second mortgage holder

14          retains no valuable collateral and would not

15          receive any proceeds in the event of a liquidation

16          of the real property.  The second mortgage holders

17          in this case are totally unsecured pursuant to the

18          meaning of Section 506(a) of the Code, and may

19          have their rights modified under Section

20          1322(b)(2).

21      The <u>Sette</u> court went on to confirm that,
            Several courts analyzing the Nobleman decision have
22          determined that the Chapter 13 Debtor may propose a
            plan which modifies the rights of a junior mortgagee
23          whose claim is wholly unsecured <u>In re Hornes</u>, 160 B.R.
            709 (Bankr.D. Conn. 1993); <u>In re Lee</u>, 161 B.R. 271, 272
24          (Bankr.W.D. Okla. 1993); <u>In re Brown</u>, 91 B.R. 19
            (Bankr.E.D. Va. 1988); <u>In re Williams</u> 161 B.R. 27
25          (Bankr.E.D. Ky. 1993).  In <u>In re Hornes</u>, Bankruptcy
            Judge Alan H. W. Schiff, clearly analyzed the reasoning
26          of the Supreme Court in regard to the issues at bar and
            there is no need to reinvent the well by repeating that
27          analysis.  Therefore, this court adopts the analysis of
            <u>In re Hornes</u>.  This court further adopts the decision

28                                    8

of Chief Bankruptcy Judge Robert L. Krechevsky, <u>In the Matter of Plouffe</u>, 157 B.R. 198 (Bankr.D. Conn. 1993). Judge Krechevsky determined that for a creditor whose claim is secured solely by debtor's homestead, to be entitled to the protection of Section 1322(b)(2) of the Bankruptcy Code, the second mortgagee must have at least some interest in the property securing its claim after satisfaction of the senior mortgage in <u>Plouffe</u>, Judge Krechevsky stated that there is neither a logical nor rational basis for a creditor holding a completely unsecured claim To be protected from claim modification in the Bankruptcy case simply because the creditor Had obtained a lien in the Homestead pre-petition. "Treatment under the Code turns on whether a claim is secured or unsecured, not whether a creditor is secured or unsecured." Quoting <u>In re Bellamy</u>, 962 F.2d 176, 179 (2nd Cir. 1992).

The <u>Sette</u> Court then went on to conclude:

> This Court has jurisdiction over the subject
>
> matter and the parties pursuant to 28 U.S.C.
>
> sections 1334 and 157(a).  This is a core
>
> Proceeding under 28 U.S.C. section
>
> 157(b)(2)(B) and (K).  This Court is in
>
> accord with the reasoning in the cases cited
>
> herein and finds that there is no equity or
>
> value in the collateral to which the
>
> defendants' second mortgage may attach, the
>
> defendants' claim may be treated as a general
>
> unsecured claim and the defendants' security
>
> interest in the property is hereby voided in
>
> its entirety pursuant to 11 U.S.C. section
>
> 506(a) and (d).

Subsequent to the <u>Sette</u> decision there have been numerous other cases which have followed its reasoning through the various jurisdictions.  Key cases in accord with the reasoning of the

Sette decision, from various other jurisdictions are as follows:
In re Mitchell, 177 B.R. 900 (Bkrtcy.E.D. Mo. 1994) decided
August 3, 1994; In re Woodhouse, 172 B.R. 1 (Bkrtcy.D. R.I. 1994)
decided September 8, 1994; In re Castellanos, 178 B.R. 393
Bkrtcy.M.D. Pa. 1994) decided October 7, 1994; In re Lee, 177
B.R. 715 (Bkrtcy. ND Al. 1995) decided February 14, 1995; In re
Purdue, 187 B.R. 188 (Bkrtcy.SD Oh. 1995) decided September 29,
1995; In re Vaillancourt, 197 B.R. 464 (Bkrtcy.M.D. Pa. 1996)
decided April 18, 1996; In re Libby, 200 B.R. 562 (Bkrtcy.D. NJ.
1996) decided September 19, 1996.

The above cited cases, all raised either in the context of
an adversary proceeding or in the context of an objection to a
proof of claim reached the same conclusion for the same reasons
in cases that were virtually identical to this case.  All
involved a junior lien holder purporting to be secured by a lien
against real property which was the debtor's residence under
circumstances where the current market value of said residence
was not at least equivalent to the sums owing on the senior
liens.  The results were that the junior lien holders were deemed
to be wholly unsecured pursuant to 11 U.S.C. § 506(a) and that
their liens were deemed void pursuant to the provisions of 11
U.S.C. § 506(d) and properly avoided or otherwise set aside by an
Order of the Bankruptcy Court.

In accord is Collier on Bankruptcy, which at § 1322.06 (15th
Ed.) discusses situations in which the junior lien holder is
"completely undersecured" stating that:

If the creditor had held a lien on property that

1    had no value (perhaps because property was fully

2    encumbered by prior liens), then under this

3    analysis the creditor would not have been a

4    "holder of a secured claim" entitled to protection

5    by Section 1322(b)(2).  Thus, since <u>Nobleman</u>, such

6    completely undersecured claims have been found to

7    be modifiable under section 1322(b)(2).

8    In accord as well are the two recently reported cases

9    dealing with identical factual situations.  <u>In re Sanders</u>, 202

10   B.R. 986 (Bankr.D. Neb. 1996) decided November 15, 1996, by Chief

11   Judge Timothy J. Mahoney in the 8th Circuit, and <u>In re Geyer</u>, 203

12   B.R. 726 (Bankr.SD Cal. 1996), decided December 16, 1996, by

13   Chief Judge Louise de Carl Adler in the 9th Circuit.

14                          CONCLUSION

15   The facts in this case conform to a high degree with the

16   facts of <u>Lam</u> and <u>Sette</u> and all of the other cases cited herein.

17   Accordingly it is clear that this Court is compelled to find that

18   the lien of the second lienholder Chase is wholly unsecured

19   pursuant to 11 U.S.C. § 506(a), that the lien of said second

20   lienholder is void pursuant to the provisions of 11 U.S.C. §

21   506(d), and that an order declaring said lien to be wholly

22   unsecured and avoiding the second lien is required by virtue of

23   the authority cited herein.

24                              Respectfully submitted.
                                NEEL LAW GROUP

25

26

     DATED: _May 14, 2010_      By:    _/s/ Randolph L. .Neel_____
27                                     RANDOLPH L. NEEL
                                       Attorney for Debtors
28                                          11

## DECLARATION OF RANDOLPH L. NEEL

I, Randolph L. Neel, if called upon to testify would competently testify as follows:

1.    I am an Attorney at Law duly licensed to practice before all courts in the State of California and duly admitted to practice before the Bankruptcy Court for the Central District of California.

2.    The debtors' residential real property was reviewed by a qualified appraiser and the appraiser rendered a conclusion as to the value of the debtors' residential property.  Exhibit G.

3.    Based upon the evidence attached hereto, I believe the real property is encumbered by a first trust deed in favor of Bank of America upon which the principal balance owing at the time of filing the Petition was $385,417.19.  Exhibit D.

4.    I believe the real property is further encumbered by an equity loan second trust deed with Chase/J. P. Morgan Chase upon which the current principal balance owing is approximately $57,271.27.  Exhibit F.

5.    Debtors have obtained an estimate of value from California licensed appraiser Robert A. De Luna No. AL027184 setting forth a market value by sales comparison approach for the subject real property in the amount of $265,000.00 as of March 24, 2010.  Exhibit G.

6.    Current market value of the real property established by the attached opinion of value establishes that the subject real property does not have any value beyond the amount owed on the first trust deed.

7.    Based upon the foregoing, I believe that the claim and lien of second trust deed lienholder Chase is wholly unsecured.

8.    I request that this Court enter an Order finding that the claim of the second trust deed lienholder Chase is "wholly unsecured" and that such consensual second trust deed lien relative to this wholly unsecured claim is avoided.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Van Nuys, California.

DATED: <u>May 19, 2010</u>        By: <u>   /s/ Randolph L. Neel   </u>
                                        RANDOLPH L. NEEL
                                        Declarant

DECLARATION OF MATTHEW S. FERNANDEZ

I, Matthew S. Fernandez, declare:

1.    I am the debtor in the above-referenced case and if called upon to testify would competently testify as follows:

2.    With my wife and co-debtor, Dawn R. Fernandez, I jointly own the residential real property commonly described as: The subject property is commonly described as:  15025 Dunton Drive, Whittier, CA  90604 (Exhibit A) and legally described as: Lot 113 of Tract No. 14446, County of Los Angeles, State of California, as per Map recorded in Book 384, Page(s) 23 to 28 inclusive, of Maps, in the office of the County Recorder of said County.  Exhibit A, page 19.

3.    My real property is encumbered by a first trust deed in favor of Bank of America upon which the principal balance owing at the time of filing the Petition was approximately $385,417.19. Exhibit D.

4.    The real property is further encumbered by a second trust deed with Chase upon which the current principal balance owing is approximately $57,271.27.  Exhibit F.

5.    I have obtained an opinion of value from California state licensed appraiser Robert A. De Luna No. AL027184 setting forth a market value for the subject real property in the sum of $265,000.00 as of March 24, 2010.  Exhibit G.

6.    The estimate of value is offered as evidence that the real property has a value of only $265,000.00.  Exhibit G.

7.    Current market value of the real property established by the attached report establishes that the subject real property

(valuatin.mot)

1 | has no value beyond the amount owed the first trust deed and

2 | therefore this Court should enter a value of $265,000.00.

3 |     I declare under penalty of perjury that the foregoing is

4 | true and correct and that this declaration was executed at

5 | Whittier, California.

6 | DATED: <u>May 19, 2010</u>    By: <u>   /s/ Matthew Fernandez </u>

7 |                        MATTHEW FERNANDEZ
                       Declarant