| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Vafa Alian Khoshbin<br>12400 Wilshire Blvd., Suite 1265<br>Los Angeles, CA 90025<br>(310) 820-2500 Fax: (310) 820-7200<br>California State Bar Number: 165486<br><br>☒ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>     Alan M and Stephanie Bernstein<br><br>                    Debtor(s). | CASE NO.: 11-14541 SK |
|---|---|
| | CHAPTER: **13** |
| | **DEBTOR'S MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]** |
| | DATE:  7/14/2011<br>TIME:  08:30<br>COURTROOM:  1575<br>PLACE:  Edward Roybal Federal Building-255<br>             East Temple Street, Los Angeles, Ca. |

**NAME OF CREDITOR HOLDING JUNIOR LIEN ("Respondent"):** Citifinancial Services

**A. Property at Issue:** Debtor moves to avoid the junior deed of trust, mortgage or other encumbrance (hereinafter, "Lien") encumbering the following real property (hereinafter, the "Property"), which is the principal residence of debtor(s).

     Street Address:   **1127 10th street**
     Unit Number:   **204**
     City, State, Zip Code:   **Santa Monica, CA. 90403**

Legal description or document recording number (including county of recording):**Lot 1 of tract 35921,in the city of Santa Monica, as per map recorded in book 912, pages 8 and 9 of maps in the office of Los Angeles County Recorder**

☐ See attached page.

**B. Case History:**

     **1.** A voluntary petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on: **2/2/2011**

     **2.** ☐ An Order of Conversion to Chapter 13 was entered on *(specify date)*:

**C. Grounds for Avoidance of Junior Lien:**

     **1.** As of **11-2005**, the Property is subject to the following liens in the amounts specified securing the debt against the Property, which the debtor seeks to have treated as indicated:

          i.  HFC in the amount of $ **734,491** .

          ii.  **Citifinancial**  in the amount of $ **14,595** ☒ is ☐ is not to be avoided;

          iii.  _____  in the amount of $ _____ ☐ is ☐ is not to be avoided;

               ☐ See attached page for additional lien(s).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                     Page 1                     **F 4003-2.4.MOTION**

2. As of  4/28/2011 , Property is worth no more than $  640,000 .

    a. As a result, Respondent's Lien encumbering the Property is wholly unsecured.

3. Evidence in Support of Motion:

    a. ☒ The amount of the lien identified in paragraph C(1)(i) is based on  Deed of Trust , attached hereto and identified as Exhibit  A .

    b. ☒ The amount of the lien identified in paragraph C(1)(ii) is based on  Security Agreement , attached hereto and identified as Exhibit  B .

    c. ☐ The amount of the lien identified in paragraph C(1)(iii)) is based on _____, attached hereto and identified as Exhibit ___.

    d. ☒ The relative priority of the liens encumbering the Property is established by evidence attached as Exhibit  A&B .

    e. ☒ The value of the Property from paragraph C(2) is based on   Broker's Professional Opinion , attached as

    f. ☒ Exhibit  C .

    g. ☐ Debtor submits the attached Declaration(s).

    h. ☐ Other evidence (specify): _____

4. WHEREFORE, Debtor prays that this Court issue an Order granting the following relief:

    a. That the Property is valued at no more than $  640,000 .

    b. That no payments are to be made on the secured claim of the Respondent, and regular mortgage maintenance payments are not to be made, before the Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

    c. That the Respondent's claim on the junior position lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.

    d. That the avoidance of the Respondent's junior lien is contingent upon: The Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

    e. That the Respondent shall retain its lien in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to the Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

    f. That in the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes the Respondent's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the Respondent's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

5. ☐ See attached continuation page for additional provisions.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 2                          **F 4003-2.4.MOTION**

Dated: June 2, 2011

Respectfully submitted,

By: /s/ Vafa Allan Khoshbin
      *Signature of Debtor or Attorney for Debtor*

Name: Vafa Allan Khoshbin
        *Type Name of Debtor or Attorney for Debtor*

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                Page 3              **F 4003-2.4.MOTION**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12400 Wilshire Blvd., Suite 1265**
Los Angeles, CA 90025

A true and correct copy of the foregoing document described as __ **Debtor's Motion to Avoid Junior Lien on Principal Residence**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and
Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On
6/2/2011 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s)
are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
    Chapter 13 Trustee        efiling@chapter13.la.com
    United States Trustee      ustpregion16.la.ecf@usdoj.gov

                                                            ☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 6/2/2011 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid,
and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

                                                            ☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ , I served the following person(s) and/or entity(ies) by personal
delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the
judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                                            ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 1, 2011 | Toni Torrance | /s/Toni Torrance |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                     Page 4                          **F 4003-2.4.MOTION**

**II.** SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):
*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| | Address from: | Delivery Method |
|---|---|---|
| *Name of 1st Lien Holder & Address*<br>**Household Financial Corporation of California**<br>c/o HSBC Mortgage Services, Inc.<br>PO Box 21188<br>Eagan, MN 55121 | ☒ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | ☒ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| *Name of 1st Lien Holder - Agent for Service of Process* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| *Name of 1st Lien Holder - Servicing Agent* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |

| | Address from: | Delivery Method |
|---|---|---|
| *Name of 2nd Lien Holder & Address*<br>**Citifinancial Services Inc.**<br>PO Box 140069<br>Irving, TX 75019-0069 | ☒ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | ☒ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| *Name of 2nd Lien Holder - Agent for Service of Process* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| *Name of 2nd Lien Holder - Servicing Agent* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |

| | Address from: | Delivery Method |
|---|---|---|
| *Name of 3rd Lien Holder & Address* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| *Name of 3rd Lien Holder - Agent for Service of Process* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail - |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| | | Tracking#_____ |
|---|---|---|
| | | Carrier Name: |
| *Name of 3rd Lien Holder – Servicing Agent* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail –<br>Tracking#_____<br>☐ Overnight Mail –<br>Tracking#_____<br>Carrier Name: |

| *Alternative/Additional Address* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail –<br>Tracking#_____<br>☐ Overnight Mail –<br>Tracking#_____<br>Carrier Name: |
|---|---|---|
| *Alternative/Additional Address* | Address from:<br>☐ Proof of Claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail –<br>Tracking#_____<br>☐ Overnight Mail –<br>Tracking#_____<br>Carrier Name: |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                          Page 6                          F 4003-2.4.MOTION

Mailing List

Alan and Stephanie D Bernstein
1127 10th Street #204
Santa Monica, CA 90403

Chapter 13 Trustee
Kathy A Dockery0069 (TR)
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017

U.S. Trustee
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

Honorable Sandra R Klein
Edward R.Roybal Federal Building
255 E Temple Street, Los Angeles, CA 90012

Citifinancial Services Inc.
PO Box 140069
Irving, TX 75019

HouseHold Finance Corporation of California
c/o HSBC Mortgage Services, Inc.
PO Box 2118
Eagan, MN 55121

# EXHIBIT
# A

(Page 1 of 14)Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Cla Main Document01/18/Page 9 of 148 in Document   Page 5 of
23   11/28/16

Recording Requested By
ORANGE COAST TITLE

05 2869898

WHEN RECORDED MAIL TO

NAME  Records Processing Services
STREET ADDRESS  577 Lamont Road
CITY & STATE  Elmhurst, IL 60126

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**(Page 1 of 8)**

| DEED OF TRUST |

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this  22ND  day of  NOVEMBER  ,  20 05 , among the Trustor,
ALAN M. BERNSTEIN AND STEPHANIE D. BERNSTEIN, HUSBAND AND WIFE AS JOINT TENANTS
                                                                                                    whose
address is 1127 10TH STREET, 204, SANTA MONICA, CA  90403
herein "Borrower"), HOUSEKEY FINANCIAL COPORATION, A ILLINOIS CORPORATION
herein "Trustee") and the Beneficiary, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA
a corporation organized and existing under the laws of  DELAWARE                      whose address is
10B14 JEFFERSON BLVD, SUITE 6, CULVER CITY, CA  90230
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ 713,101.83           , evidenced by
Borrower's Loan Agreement dated  NOVEMBER 22, 2005           and any extensions or renewals thereof
(including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments
of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is
variable, with the balance of the indebtedness, if not sooner paid, due and payable on
NOVEMBER 22, 2035       ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $                      , or so much
thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
and extentions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and
under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and
providing for a credit limit stated in the principal sum above and an initial advance of $                      ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the Note,
with interest thereon at the applicable contract rate (including any adjustments to the amount of payment or the
contract rate if that rate is variable) and other charges; the payment of all other sums, with interest thereon, advance in
accordance herewith to protect the security of this Deed of Trust; and the performance of the convenants and
agreements of Borrower herein contained, Borrower, in consideration of the indebtedness herein recited and the trust
herein created, irrevocably grants and conveys to Trustee, in trust with power of sale, the following described property
located in the County of  LOS ANGELES                                State of California:

CONTINUED ON EXHIBIT A–LEGAL DESCRIPTION

which has the address of 1127 10TH ST, 204,                                        SANTA MONICA
                          (Street)                                                      (City)

California  90403                      (herein "Property Address");

Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document 02/18 Page 10 of 48   Document   Page 8 of

23   11/26/ XX

(Page 2 of 8)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) all present and future advances under the Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained; and (5) the payment of such further sums as the then record owner of the Property hereafter may borrower from Lender, when evidenced by another note (or notes) reciting it is so secured.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any funds held by Lender. If under paragraph 16 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application of Payments. Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**05 2869898**

07-12-04 CDT

CA000202

(Page 2 of 3) Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document   Filed 02/18/11   Page 148-A Document   Page 7 of
23   11/28/15

(Page 3 of 8)

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Where the original principal amount of the Note then in effect is $10,000 or more, any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**05   2869898**

05 2869898

(Page 4 of 8)

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be applicable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

15. Transfer of the Property; Assumption. If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the property: Provided, that such lien or encumbrance is not created pursuant to a contract for deed; (b) The creation of a purchase-money security interest for household appliances; (c) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (d) the granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (e) A transfer, in which the transferee is a person who occupies or will occupy the property, which is: (A) a transfer to a relative resulting from the death of the Borrower; (B) a transfer where the spouse or child(ren) becomes an owner of the property; or (C) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (f) A transfer into an inter vivos trust in which the Borrower is a, and remains, the beneficiary and occupant of the property, unless, as a condition precedent to such transfer, the Borrower refuses to provide the Lender with reasonable means acceptable to the Lender by which the Lender will be assured of timely notice of any subsequent transfer of the beneficial interest or change in occupancy; Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by Paragraph 16 hereof.

16. Acceleration; Remedies. Except as provided in paragraph 15 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust? Lender at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the

07-12-04 DOT

CA000204

(Page 5 of 8)

power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in the paragraph 16 including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statement made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

17. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time within three months of the recording of default under this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 16 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

18. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 16 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

19. Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall, upon payment of its fees, reconvey the Property without warranty to the person or persons legally entitled thereto.

20. Substitute Trustee. Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution. **05- 28G9898**

07-12-04 GOT

CA000205

(Page 6 of 8)

21. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924b of the Civil Code of California.

22. **Statement of Obligation.** Lender may collect a fee not to exceed $60 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

24. **Adjustable Rate Rider to Deed of Trust.** The Adjustable Rate Rider attached to and made a part of the Deed of Trust is hereby incorporated by reference and made a part of the Deed of Trust.

(This space intentionally left blank)

07-12-94 BQT

05 2869898

CA000206

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

(Page 7 of 8)

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance of any sale or other foreclosure action.

_____ Alan M. Bernstein
- Borrower

_____ Stephanie D. Bernstein
- Borrower

STATE OF CALIFORNIA,    Los Angeles _____ County ss:

On this 22nd day of November, in the year 2005, before me, the undersigned, a Notary Public in and for said State, personally appeared Alan M Bernstein & Stephanie D Bernstein, ☐ personally known to me, or ☑ proved to me on the basis of satisfactory evidence, to be the person(s) whose name(s) are subscribed to the foregoing instrument, and acknowledged that they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
(Reserved for official seal)

LANA D. BROWN
Commission # 1434069
Notary Public - California
Los Angeles County
My Comm. Expires Aug 8, 2007

Signature: _____

Name (typed or printed) LANA D BROWN

My Commission expires: 8-8-07

STATE OF CALIFORNIA, _____ County ss:

On this _____ day of _____, in the year 20 _____, before me, the undersigned, a Notary Public in and for said State, personally appeared _____, ☐ personally known to me, or ☐ proved to me on the basis of satisfactory evidence, to be the person(s) whose name(s) _____ subscribed to the foregoing instrument, and acknowledged that _____ executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal
(Reserved for official seal)

Signature: _____

Name (typed or printed)
My Commission expires: .

05  2869898

07-12-04 DDT

CA000207

(Page 8 of 8)

Title Order No, _____        Escrow Loan No. _____

---

**DO NOT RECORD**
FOR RECONVEYANCE OR FORECLOSURE SEND TO THE NEAREST
OFFICE OF HOUSEKEY FINANCIAL CORPORATION
**REQUEST FOR FULL RECONVEYANCE**
To be used only when note has been paid.

Dated _____

To HOUSEKEY FINANCIAL CORPORATION, Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to all sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

_____

(By) _____

(By) _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.

---

**Deed of Trust**
WITH POWER OF SALE
(LONG FORM)

**Housekey
Financial
Corporation**

AS TRUSTEE

---

05 2869898

07-12-04 DOT

CAD00208

EXHIBIT A (PAGE 1)

PARCEL 1:
A. AN UNDIVIDED 10% INTEREST IN AND TO LOT 1 OF TRACT 35921,
IN THE CITY OF SANTA MONICA, AS PER MAP RECORDED IN BOOK
912, PAGES 8 AND 9 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNITS 1 TO 11, INCLUSIVE AS SHOWN AND
DEFINED ON THE CONDOMINIUM PLAN, RECORDED MARCH 23, 1979 AS
INSTRUMENT NO. 79-317786, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL,GAS, MINERALS, AND OTHER
HYDROCARBONS,BELOW A DEPTH OF 550 FEET, WITHOUT THE SURFACE
ENTRY, AAS RESERVED IN DEEDS OF RECORD.

EXCEPT THEREFROM EASEMENT FOR PARKING PURPOSES WITH THE RIGHT
TO GRANT SAME TO OTHERS, OVER THOSE PORTIONS OF SAID LOT 1
OF TRACT 35921, SHOWN AS PARKING SPACES 1 TO 17 INCLUSIVE,
ON THE PARKING SPACE PLAN, EXHIBIT 'B' TO THE DECLARATION

OF RESTRICTION, RECORDED MARCH 23, 1979 AS INSTRUMENT NO.
79-317787, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

B. UNIT 8, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN
REFERRED TO ABOVE.

PARCEL 2:
AN EXCLUSIVE EASMENT TO AND THE EXCLUSIVE RIGHT TO USE FOR
PARKING PURPOSES ONLY WITHOUT LIMITATIONS AS TO TIME,
PARKING SPACE 16, AS SHOWN ON THE PARKING SPACE.PLAN
REFERRED TO ABOVE.

05 2869898

(Page 10 of 14) Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document Filed 02/18 Page 18 of 48 in Document   Page 14
of 23   11/26/ 05

### ADJUSTABLE RATE RIDER
#### (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 22nd day of November, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

1127 10TH ST
204
SANTA MONICA, CA 90403

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

**ADDITIONAL COVENANTS**

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.  INTEREST RATE AND MONTHLY PAYMENT CHANGES**

The Note provides for an initial interest rate of 7.229%. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the 22nd day of November, 2007, and on that day every six months thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the London Interbank Offered Rate (LIBOR), which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before



05 2869898

## ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

each Change Date is called the "Current Index." However, where the LIBOR Index is published in 1/64ths or any other increment requiring additional decimal places, the Note Holder will only use five decimal places. For example, if the Index rate published was 8.123456%, the Note Holder would use 8.12345% as the Current Index for that Change Date.

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give you notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding 2.859% to the Current Index. The Note Holder will then round the result of this addition to the nearest 0.125%. Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.229% or less than 6.729%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than 1.000% from the rate of interest I have been paying for the preceding 24 months. My interest rate will never be greater than 13.229%. My interest rate will never be lower than 6.729%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

05  2869898

## ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

**B. TRANSFER OF THE PROPERTY OF A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower**

As used in this Section 15, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**05 2869898**

Page 16 of   Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document   Filed 02/18   Page 21 of 48   Main Document      Page 17
of 23   11/26/15

14

## ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Adjustable Rate Rider.

Borrower: _____ Date: 11-22-05
ALAN M. BERNSTEIN

Borrower: _____ Date: 11-22-05
STEPHANIE D. BERNSTEIN

05  2869898

(Page 18 of Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document 02/18/ge 22 of 48 n Document   Page 18
of 23

 

**This page is part of your document - DO NOT DISCARD**

05 DEC 22 PH 12: 21

05 2369898

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**11/28/05 AT 08:00am**

# TITLE(S) :

 

FEE

FEE $50. 00
DAF $4
C-20        3

D.T.T.



**CODE** 

**CODE** 

**CODE**

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown



THIS FORM IS NOT TO BE DUPLICATED



(Page 1 of 5) Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document   Filed 02/18   Page 23 of 48   Document   Page 18
of 23

LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 5)

LENDER (called "We", "Us", "Our")

HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA
10814 JEFFERSON BLVD
SUITE G
CULVER CITY CA 90230

California Finance Lender License No. 

BORROWERS (called "You", "Your")

LOAN NO:

BERNSTEIN, ALAN M
SS#
BERNSTEIN, STEPHANIE D
SS#
1127 10TH ST
204
SANTA MONICA CA 90403

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | FINAL PAYMENT DUE | | CONTRACT RATE (per year) |
|---|---|---|---|---|---|
| 11/22/2005 | 12/22/2005 | SAME DAY OF EACH MONTH | DATE 11/22/2035 | | 7.229 % |
| | AMOUNT FINANCED | PRINCIPAL | | | |
| | $ 700,993.16 | $ 713,101.63 | | | |
| | | CLOSING FEE | | | |
| | | $ 135.00 | | | |
| LIFE INS PREMIUM | DISABILITY INS PREMIUM | | | | |
| $ NONE | $ NONE | | | | |
| RELI INS PREMIUM | | MARGIN | | | |
| $ NONE | | 2.859% | | | |
| | | | | ORIGINATION FEE/POINTS | |
| | | | | $ 11,973.47 | |
| | MONTHLY INSTALLMENT | | | TERM PERIOD | |
| | 4,854.47 | | | 360 | |
| | | | | PREPAYMENT PENALTY YES | FLOOR 6.729% |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the
word "YES" below, naming us as Loss Payee:

YES     Title insurance on real estate security.
YES     Hazard insurance on real estate security.
        Physical damage insurance on vehicle listed under "Security" above if "Y" appears under "Insured".
        Physical damage insurance on other property listed under "Security" above if "Y" appears under "Insured".
        You may obtain any required insurance from anyone you choose and may assign any other policy of insurance
        you own to cover the security for this loan.
        (See "Security" paragraph above for description of security to be insured.)

NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

08-15-04 RE
OPT PPP

CAB55511

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 5)

This Loan Agreement contains provisions allowing for changes in your interest rate, subject to the limits stated in this Loan Agreement. If your interest rate increases, your monthly payments will be higher. If your interest rate decreases, your monthly payments will be lower.

PROMISE TO PAY. In return for your loan described below, you promise to pay us, the Principal (Amount Financed plus prepaid finance charges of Origination Fee/Points, Closing Fee, if any, and, if shown on your Settlement Statement, odd day interest) and Interest computed at the Contract Rate [subject to any adjustment under the Interest Rate and Monthly Payment Changes section below] and any monthly insurance premium, if available in your state for this product and elected by you.

INTEREST. Interest will be charged on unpaid principal until the full amount of Principal has been paid. You will pay us interest at a yearly rate shown on Page 1 of this Agreement in the box labeled "Contract Rate." The interest rate you will pay will change in accordance with the Interest Rate and Monthly Payment Changes section of this Agreement.

The interest rate required by this provision and the Interest Rate and Monthly Payment Changes provision of this Agreement is the rate you will pay both before and after any default as described in this Agreement.

PAYMENTS.

(A) Time and Place of Payments. You will pay us principal and interest by making payments every month.

You will make your monthly payments to us on the same day of each month beginning on the First Payment Due Date shown on Page 1. You will make these payments every month until you have paid all of the principal and interest and any other charges described below that you may owe under this Agreement. Your monthly payments will be applied to interest before principal. If, on the Final Due Date shown on Page 1, you still owe amounts under this Agreement, you will pay those amounts in full on that date, which is called the "maturity date," which amount will include interest at the current Contract Rate.

You will make your monthly payments at the business address shown on Page 1 or at a different place that we may give you.

(B) Amount of Monthly Payments. Each of your initial monthly payments will be in the amount shown on Page 1 as "Monthly Installment". Those amounts will change if the interest rate that you must pay changes. We will determine your new interest rate and the changed amount of your monthly payments in accordance with the Interest Rate and Monthly Payment Changes provision of this Agreement.

INTEREST RATE AND MONTHLY PAYMENT CHANGES.

(A) Change Dates. The initial fixed interest rate (Contract Rate) that you will pay will change to an adjustable interest rate on the Due Date of the twenty-fourth (24th) month and the adjustable interest rate you will pay may change on that day every six months thereafter. The date on which your initial fixed interest rate changes to an adjustable interest rate, and each date on which your adjustable interest rate could change is called a "Change Date".

(B) The Index. Beginning with the first Change Date, your interest rate will be based on an Index. The "Index" is the London Interbank Offered Rate (LIBOR), which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index". However, where the LIBOR Index is published in 1/64ths or any other increment requiring additional decimal places, we will only use five decimal places. For example, if the Index rate published was 8.123456%, we would use 8.12345% as the Current Index for that Change Date. If the Index is no longer available, we will choose a new index which is based upon comparable information. We will give you notice of this choice.

(C) Calculation of Changes. Before each Change Date, we will calculate your new interest rate by adding a fixed number of percentage points (called the "Margin") to the Current Index. The Margin on your loan is shown on Page 1 of this Agreement. The result of this addition will be rounded to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section (D) below, this rounded amount will be your new interest rate until the next Change Date.

08-16-04 RE
OPT PPP

CAB65512

(Page 3 of 5)Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document 02/18 Page 25 of 48 Main Document   Page 21
of 23

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 5)

We will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal balance of the loan you are expected to owe on the Change Date in full on the maturity date at your new interest rate in substantially equal payments. The result of this calculation will be the new amount of your monthly payment.

(D) Limits on Interest Rate Changes. The interest rate you are required to pay on your first Change Date will not be greater than three (3) percentage points above or below the initial fixed interest rate (Contract Rate) shown on Page 1 of this Agreement. Thereafter, your adjustable interest rate shall never be increased or decreased on any single Change Date by more than one (1) percentage point from the interest rate you have been paying for the preceding six months. Your interest rate shall never be less than the Floor Rate shown on Page 1 of this Agreement. Your interest rate also shall never be greater than six (6) percentage points above the Contract Rate shown on Page 1 of this Agreement, which is called the "Maximum Rate."

(E) Effective Date of Changes. Your new interest rate will become effective on each Change Date. You will pay the amount of your new monthly payment beginning on the first monthly payment date after the Change Date until the amount of your monthly payment changes again.

(F) Notice of Changes. We will mail or deliver to you a notice of any changes in your interest rate and the amount of your monthly payment before the effective date of any change. The notice will include information required by law to be given to you and also the title and telephone number of a person who will answer any questions you may have regarding the notice.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. Subject to the Prepayment Penalty described below, you may prepay any or all of your loan at any time. In any event, if you fully pay before the final payment due date, the amount you owe will be reduced by unearned credit insurance charges, if any. If you prepay before the final due date, Points and any Closing Fee shown on page one, are fully earned when this loan is made and you will not receive a refund of that part of the Finance Charge consisting of Points and any Closing Fee shown on page one.

PREPAYMENT PENALTY. If "YES" is printed in the Prepayment Penalty box on page one of this Agreement, you agree to the following penalty. If you prepay in full within two (2) years of the Date of Agreement (shown on page one), you agree to pay a prepayment penalty equal to the payment of six (6) months' advance interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount. No prepayment penalty will be imposed (a) if this loan is refinanced by another loan with us; (b) after two (2) years; (c) if the loan is prepaid from the proceeds of any insurance; or (d) if we sue you.

LATE CHARGE. If you don't pay any payment in full within 10 days after it's due, you will also pay 5% of the unpaid amount of such payment, as a late charge.

BAD CHECK CHARGE. We will charge you a fee of $15 if any payment check is returned because of insufficient funds or is otherwise dishonored.

OTHER CHARGES. You agree to pay any amounts actually incurred by Lender in connection with the loan account for title examination, appraisal, title insurance, escrow fees, tax service fees, trustee fees involving the real estate covered by your Deed of Trust, and recording, release and reconveyance fees, if any.

FAILURE TO PAY. If you don't pay on time, or fail to observe each covenant and condition of the Deed of Trust or fail to keep required insurance in force, after we notify you, but without our need to demand payment in full, we may sue you for the total amount you owe. You will pay our costs, including reasonable attorney fees, to collect this loan or to realize on any security.

SATISFACTION OF JUDGMENT - SPOUSE'S PROPERTY. The separate property of any married person who signs below shall be subject to execution to satisfy any judgment entered on this Agreement.

DUE-ON-SALE. Please note the following provision contained in the Deed of Trust:

Transfer of the Property. If Borrower sells or transfers all or any part of the Property or an interest therein, exluding (a) The creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the property: Provided, that such lien or encumbrance is not created pursuant to a contract for deed; (b) The creation of a purchase-money security interest for household appliances; (c) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (d) The granting of a leasehold interest which has a term

NOTICE. THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

(Page 4 of 5) Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document   Filed 02/18   Page 26 of 48 in Document   Page 22
of 23

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 4 of 5)

of three years or less and which does not contain an option to purchase; (e) A transfer in which the transferee is a person who occupies or will occupy the property, which is: (A) a transfer to a relative resulting from the death of the borrower (B) a transfer where the spouse or child(ren) becomes an owner of the property; (C) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (f) a transfer into an inter vivos trust in which the borrower is a, and remains, the beneficiary and occupant of the property, unless, as a condition precedent to such transfer, the borrower refuses to provide the lender with reasonable means acceptable to the lender by which the lender will be assured of timely notice of any subsequent transfer of the benefical interest or change in occupancy; the lender may, at lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by Applicable Law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

SECURITY. You agree to give us a security interest in the real estate as described in the Deed of Trust.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

You direct the disbursements shown on Truth-In-Lending Disclosure form, acknowledge receiving a copy of this Agreement and that form, Group Creditor Insurance Certificates, if any such coverage requested, and disability claim procedures.

☑ You do intend to use the proceeds of this loan primarily for personal, family, or household purposes. This loan is made pursuant to the California Finance Lenders Law, Division 9 of the Financial Code.

☐ You do not intend to use this loan for personal, family or household purposes. This loan is made pursuant to the California Finance Lenders Law, Division 9 of the Financial Code.

**NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.**   CAB55514

08-16-04 RE
OPT PPP

(Page 5 of 5) Case 2:11-bk-14541-SK   Doc 48   Filed 06/02/11   Entered 06/02/11 16:25:46   Desc
Case 2:11-bk-14541-SK   Main Document 02/ Page 27 of Main Document — Page 23
of 23

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 5 of 5)

As required by law, you herby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan was made for a personal, family or household purpose and is to be considered a consumer loan governed by the California Finance Lenders Law (CFLL). This loan is also a federally related loan authorized by Section 501(a), Part A, Title V, Public Law 96-221, also known as section 1735f-7(a), Title 12, United States Code, unless superseded by federal law. This loan also qualifies as an "alternative mortgage transaction" under the Alternative Mortgage Transactions Parity Act section of the Garn-St. Germain Depository Institutions Act of 1982, Sections 3801 through 3806, Title 12, United States Code. Regulations issued by the Office of Thrift Supervision, Department of Treasury, also govern.

# FOR INFORMATION CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:

_____ (SEAL)

_Stephanie D. Bernstein_ _____ (SEAL)

_____ (SEAL)

WITNESS:

08-16-04 RE
OPT PPP

CAB65515

# EXHIBIT
# B

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| STEPHANIE D BERNSTEIN<br>ALAN M BERNSTEIN<br>1127 10TH ST APT 204<br>SANTA MONICA CA 90403 | CITIFINANCIAL SERVICES,<br>INC.<br>11447 JEFFERSON BLVD<br>CULVER CITY CA 90230 | |
| | | Date of Loan<br>04/21/2006 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 12.72 % | $ 19,272.35 | $ 15,365.20 | $ 34,637.55 |

**Payment Schedule:**

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 1 | $217.95 | 06/01/2006 |
| 180 | $191.22 | MONTHLY BEGINNING 07/01/2006 |
| | $ | |
| | $ | |

Security: If checked, Borrower is giving a security interest in:

☐ Motor Vehicle    ☐ Mobile Home
☒ Real Property    ☐ Other

Late Charge: If payment is late, Borrower will be charged an amount equal to the greater of  5.0  % of the unpaid portion of the payment due or $  15.00 .

Prepayment: If Borrower pays off early, Borrower:
☒ will not  ☐ may  have to pay a penalty; and will not be entitled to a refund of part of the finance charge.

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

* Does not include any insurance premium.

Additional Information:

| Total amount of first month's payment including insurance premiums, if any. | PRINCIPAL AMOUNT | POINTS/FEES | LICENSE NO. | DATE CHARGES BEGIN |
|---|---|---|---|---|
| $ 217.95 | 15,826.16 | 460.96 | | 04/26/2006 |

**Required Insurance Disclosure:**

If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**

Borrower is not required to purchase optional insurance products, such as:  Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: |
|---|---|---|
| $  NONE | $ | |
| $  NONE | $ | |
| $  NONE | $ | |

First Borrower's Signature _Stephanie Bernstein_  Date 4-21-06

Second Borrower's Signature _[signature]_  Date 4-21-06

(* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**

Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:

(1)  the Lender's receipt of Borrower's written request for termination;
(2)  on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3)  termination pursuant to the provisions of the insurance certificate;
(4)  payment in full of Borrower's Loan;
(5)  death of Borrower.

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one Borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the Lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal amount shown above, plus interest on the unpaid Principal balance from the Date Charges Begin shown above at the rate of interest of  12.1620 % per annum. Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin until Borrower repays the loan. If Borrower does not make  sufficient or timely payments according to  the payment  schedule above, Borrower will incur greater interest charges on the loan. On the N/A month anniversary of the Date of Loan shown above, the rate of interest applicable to the remaining unpaid principal balance shall decrease to N/A  % per annum.

The monthly rate is 1/12th of the rate per annum, and the daily rate is 1/30th of the monthly rate.

Principal Amount is composed of the Amount Financed plus any points, escrow, fee, if any, and administrative fee, if any.

Principal and interest shall be payable in the monthly installments shown above beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not constitute a renewal or extension of this loan unless Lender so determines. Each payment shall be applied as follows: (1) late charges and monthly loan payments due (first to interest, then principal), (2) insurance premiums due, (3) unpaid interest to the date of payment, if any, then (4) principal. Lender may collect interest from and after maturity upon the unpaid Principal balance at the rate of interest prevailing at the time of maturity under this Disclosure Statement, Note and Security Agreement.

Borrower's Initials: _____ _AMB_

Original (Branch)    Copy (Customer)    Page 1 of 3.

**PREPAYMENT:** Borrower may prepay this loan in whole or in part at any time without penalty. ... tial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment and the application of a Refund to the unpaid balance of the loan will not affect the amount or due date of subsequent scheduled payments on the loan, but may reduce the number of such payments.

Check one:

- [X] Any prepayment in part or in full shall be without penalty.
- [ ] If borrower prepays the entire outstanding Principal amount of this loan during the first three (3) years from the date of the loan, Lender may charge Borrower a prepayment penalty equal to the lesser of the following: (1) for prepayment in full within one year of the date of the loan, 3%; within two years, 2%; and within three years, 1%; or (2) an amount of interest for a period of 6 months computed on the amount prepaid in a 12 month period in excess of 20 percent of the original principal amount of the loan. Upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment will not affect the amount or due date of subsequent scheduled payments on the loan, but may reduce the number of such payments.

**SECURITY AGREEMENT:**

A. To protect Lender if Borrower defaults on this loan, Borrower gives to Lender a security interest under the Uniform Commercial Code in any property for which a description is completed below and all parts and equipment now or later added to the property and any proceeds of the property, all of which will be called "Property". See below for additional terms applicable to this security interest.

1. Motor vehicle/mobile home:

| Make, No. Cylinders | Year/Model | Model No. Or Name | Body Type | Identification Number |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Other Property:

B. If this line is completed, the loan is secured by either a Deed of Trust or a Mortgage on real property located at
1127 10TH ST APT 204  SANTA MONICA, CA  90403
See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

**OWNERSHIP OF PROPERTY:** Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing. Prior to any default, Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code. If the Property includes a motor vehicle or a mobile home, Borrower will, upon request, deliver the certificate of title to the motor vehicle or a mobile home to Lender.

**USE OF PROPERTY:** Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent. Borrower will keep the Property at Borrower's address (as shown on page 1) unless Lender has granted permission in writing for the Property to be located elsewhere. The Property will be used only in the state in which Borrower lives unless the Property is a motor vehicle, in which case it will be used outside the state only in the course of Borrower's normal use of the Property. Borrower will not use or permit the use of the Property for hire or for illegal purposes.

**TAXES AND FEES:** Borrower will pay all taxes, assessments, and other fees payable on the Property, including, but not limited to any fee required by a public official to record the satisfaction of this loan, and/or the reconveyance of a Deed of Trust, and/or the release of Lender's interest in the Property. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan.

**INSURANCE:** If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

**FINANCING STATEMENTS:** Borrower will sign all financing statements, continuation statements, security interest filing statements, and similar documents with respect to the Property at Lender's request.

**LATE CHARGE:** If any payment is more than 10 days late, Borrower agrees to pay a Late Charge equal to the greater of  5.0 % of the unpaid portion of the payment due or $ 15.00 . Lender may, at its option, waive any late charge or portion thereof without waiving its right to require a late charge with regard to any other late payment.

**RETURNED CHECK FEE:** Lender may charge a fee of $ 15.00 for a check, negotiable order of withdrawal or share draft that is returned for insufficient funds or insufficient credit.

**LOAN CHARGES:** If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

**DEFAULT:** Borrower will be in default if:
1. Borrower does not make any scheduled payment on time;
2. Borrower is (or any person puts Borrower) in bankruptcy, insolvency or receivership;
3. Any of Borrower's creditors attempts by legal process to take any property of Borrower, including the Property securing this loan;
4. Borrower fails to fulfill any promise made under this agreement; or
5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

If Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once. Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those or any other rights under this agreement. If this debt is referred for collection to an attorney who is not Lender's employee, Borrower agrees to pay reasonable attorney's fees, court costs and expenses of collection, repossession, repair and sale on loans of an original principal amount of $10,000 or more to the extent permitted by law.

**INTEREST AFTER DEFAULT OR JUDGMENT:** After default and acceleration of this contract, or after the final payment due date or after judgment, Borrower will pay interest on the unpaid balance from time to time outstanding at the Rate of Interest provided in this Disclosure Statement, Note and Security Agreement.

**EFFECTS OF DEFAULT:** If Borrower defaults, Borrower will deliver the Property to Lender or, upon Lender's demand, assemble the Property and make it available to Lender at a reasonably convenient place. Lender may, without previous notice or demand and without legal process, peaceably enter any place where the Property is located and take possession of it. The disposition of the Property and the application of the proceeds from the disposition will be governed by the California Commercial Code and other applicable State law, including, with respect to mobile homes, manufactured homes, truck campers, and floating homes subject to registration with the Department of Housing and Community Development, the Health and Safety Code.

If Borrower has left other property in the repossessed Property, Lender may hold such property temporarily for Borrower without any responsibility or liability for the property.

Borrower's Initials: _____  _____

IF THIS LOAN IS SECURED BY A DEED OF TRUST, THAT DEED OF TRUST CONTAINS A DUE ON SALE CLAUSE AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. If all or a part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

LAW THAT APPLIES: California and federal law, as applicable, govern this Disclosure Statement, Note and Security Agreement. If any part is unenforceable, this will not make any other part unenforceable. In no event will Borrower be required to pay interest or charges in excess of those permitted by law.

OTHER RIGHTS: Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment. Borrower agrees that Lender may extend time for payment after maturity without notice. The terms of this agreement can be waived or changed only in a writing signed by Lender.

Where the context requires, singular words may be read in the plural and plural words in the singular, and references to the masculine gender may be read to apply to the feminine gender.

OTHER TERMS: Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Lender does not have to notify Borrower before instituting suit if the note is not paid, and Lender can sue any or all Borrowers upon default by any Borrower.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, jointly and severally waive notice of acceptance, presentment, demand, protest, notice of extension and notice of nonpayment, and agrees that Lender may renew, extend, modify, release, or discharge Borrower, or otherwise settle or compromise Borrower's obligation to Lender, or extend additional credit to Borrower, or accept the late or partial payments of Borrower's obligation to Lender, or release, exchange, substitute, or take additional collateral, or waive any of Borrower's default, or delay in enforcing Lender's rights in the event of any default by Borrower, without releasing, or impairing the Deed of Trust or other security agreement given to Lender by the Borrower, endorsers, sureties and guarantors.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed is unenforceable, this will not make any other part unenforceable.

REFINANCING: The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

AUTHORIZATION TO USE CREDIT REPORT: By signing below, Borrower authorizes Lender to obtain, review and use information contained in the Borrower's credit report in order to determine whether the Borrower may qualify for products and services offered by Lender. This authorization terminates when Borrower's outstanding balance due under this Disclosure Statement, Note and Security Agreement is paid in full. Borrower may cancel such authorization at any time by writing the following: Transaction Processing, 300 St. Paul Place, BSP13A, Baltimore, MD 21202. In order to process Borrower's request, Lender must be provided Borrower's full name, address, social security number and account number.

The following notice applies only if this box is checked. ☐

---

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

**FOR INFORMATION CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA.**
THIS LOAN IS MADE PURSUANT TO THE CALIFORNIA FINANCE LENDERS LAW, DIVISION 9 OF THE CALIFORNIA FINANCIAL CODE, EXCEPT AS MAY BE PREEMPTED BY FEDERAL LAW.

I INTEND TO USE THE PROCEEDS OF THIS LOAN PRIMARILY FOR PERSONAL, FAMILY OR HOUSEHOLD USE.

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed, and authorizes the disbursements stated therein.

The following disclosure applies if this loan is secured by the Borrower's principal residence:

---

**WARNING TO BORROWER: IF YOU ACCEPT THIS LOAN, YOU WILL BE PUTTING UP YOUR HOME AS SECURITY. THIS MEANS THAT YOUR HOME COULD BE SOLD WITHOUT YOUR PERMISSION AND WITHOUT ANY COURT ACTION IF YOU MISS ANY PAYMENT AS REQUIRED BY THIS LOAN.**

---

WITNESSES: ✱ ALONE IN OFFICE

SIGNED:

_Stephanie D. Bernstein_ (Seal)
STEPHANIE D. BERNSTEIN -Borrower

_Alan M William_ (Seal)
ALAN M BERNSTEIN -Borrower

(Seal)
-Borrower

CITIFINANCIAL SERVICES, INC.

By: _Mike Rice - Manager_
(Name and Title)     04/21/2006  18:47:40

SECURITY INTEREST OF NONOBLIGOR: Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_____ (Seal) _____       _____ (Seal) _____
Signature            Date                     Signature            Date

Original (Branch)      Copy (Customer)                          Page 3 of 3

**This page is part of your document - DO NOT DISCARD**

**06 1573381**

**RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA**
**07/18/06 AT 08:00am**

# TITLE(S) :



L E A D    S H E E T

| FEE | | D.T.T. |
|---|---|---|
| FEE$ 32 LL 2T/7 | | |

CODE
20     D.A. FEE Code 20     $ 4.00

CODE
19

CODE
9____

NOTIFICATION SENT $4

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

WHEN RECORDED MAIL TO
CITIFINANCIAL SERVICES,
INC.

Street Address:
11447 JEFFERSON BLVD

City/State/Zip:
CULVER CITY CA 90230

**06  1573381**

Lender Service - PLD
Fidelity National Financial

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

THIS DEED OF TRUST is made this    21st    day of    April    ,    2006    , among the Trustor,
ALAN M. BERNSTEIN, AND STEPHANIE DIANE BERNSTEIN,
HUSBAND AND WIFE AS JOINT TENANTS.                                                    (herein "Borrower"),
CITIFINANCIAL SERVICES, INC.                                                          (herein "Trustee"),
and the Beneficiary,    CITIFINANCIAL SERVICES, INC.
a corporation organized and existing under the laws of    California    , whose
address is  11447 JEFFERSON BLVD    CULVER CITY CA 90230                            (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and
conveys to Trustee, in trust, with power of sale, the following described property located in the County of
LOS ANGELES , State of California:

SEE EXHIBIT "A"

THIS DOCUMENT IS FILED FOR
RECORD BY CHICAGO TITLE
INS. CO. AS AN ACCOMMODATION
ONLY. IT HAS NOT BEEN EXAMINED
AS TO ITS EXECUTION OR AS TO ITS
EFFECT UPON THE TITLE.

which has the address of 1127 10TH ST APT 204              , SANTA MONICA              , California 90403
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances
and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be
deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property
(or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated 04/21/2006   and
extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $  15,826.16  , with interest thereon, providing
for monthly installments of principal and interest; the payment of all other sums, with interest thereon, advanced in accordance
herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein
contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey
the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower
warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

Original(Recorded)        Copy(Branch)        Copy(Customer)                          Page 1 of 6

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**06 1573381**

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amount shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property. Co-signer waives notice of acceptance, presentment, demand, protest, and notice of nonpayment, and agrees that Lender may renew, extend, modify, release, or discharge Borrower, or otherwise settle or compromise Borrower's obligation to Lender, or extend additional credit to Borrower, or accept late or partial payments of Borrower's obligation to Lender, or release, exchange, substitute, or take additional collateral, or waive any of Borrower's defaults, or delay in enforcing Lender's rights in the event of any default by Borrower, without releasing or impairing the Deed of Trust given to Lender by the co-signer.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**06  1573381**

STEPHANIE D BERNSTEIN   ALAN M BERNSTEIN                                        04/21/2006

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of the sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty but Lender or Trustee will collect a reconveyance fee and any fees required

by public officials in connection with the payoff of the indebtedness secured by this Deed of Trust. The Trustee will file all appropriate documents with the appropriate public official to evidence the satisfaction of the underlying indebtedness, and/or reconveyance of this Deed of Trust, and/or release of the Lender's interest in the Property.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation.** Lender may collect a fee not to exceed $60 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**24. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 24, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 24, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_Stephanie Diane Bernstein - Stephanie Diane Bernstein_
                                                    -Borrower

_Alan Michael Bernstein_
                                                    -Borrower

STATE OF CALIFORNIA

County of Los Angeles

On April 21, 2006 before me, Jennifer J. Mollica, Notary Public here insert name and title of the the officer) personally appeared Stephanie Diane Bernstein and Alan Michael Bernstein, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____                                        (Seal)

JENNIFER J. MOLLICA
Commission # 1434155
Notary Public - California
Los Angeles County
My Comm. Expires Aug 8, 2007

Original (Recorded)      Copy (Branch)      Copy (Customer)          Page 5 of 6
                                            **06 1573381**

STEPHANIE D BERNSTEIN   ALAN M BERNSTEIN                                        04/21/2006

## REQUEST FOR NOTICE OF DEFAULT

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded _____ , _____ , in Book _____ page _____ records of _____ County, (or filed for record with recorder's serial number _____
_____ County) California, executed by
_____ as trustor (or mortgagor) in which
_____ , is named as beneficiary (or mortgagee)
and _____ as trustee be mailed to
CITIFINANCIAL SERVICES,
INC.
11447 JEFFERSON BLVD
CULVER CITY CA 90230          with a copy to   CITIFINANCIAL SERVICES, INC.
at P.O. Box 17170, Baltimore, MD 21203.

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

Signature: _____

For Beneficiary

## REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____        _____

**Original (Recorded)   Copy (Branch)   Copy (Customer)**          Page 6 of 6

07/18/06

**06  1573381**

# EXHIBIT " A "

Parcel 1

A  An undivided 10% interest in and to Lot 1 of Tract 35921 in the City of Santa Monica, as per map recorded in Book 912, Pages 8 and 9 of Maps in the Office of the County Recorder of said County.

Except therefrom Units 1 to 11, inclusive as shown and defined on the condominium plan, Recorded March 23, 1979 as Instrument No. 79-317798 in the Office of the County Recorder of said County.

Excepting Therefrom all oil, gas, minerals and other hydrocarbon substances below a depth of 500 feet, without rights of surface entry, as reserved in Instruments of Record.

Except therefrom easment for parking purposes with the right to grant same to others, over those portions of said Lot 1 of Tract 35921 shown as parking spaces 1 to 17 inclusive on the parking space plan, Exhibit 'B' to the Declaration.

Of restriction, Recorded March 23 1979 as Instrument No. 79-317797 in the Office of the County Recorder of said County.

B  Unit 8 as shown and defined on the condominium plan referred to above.

Parcel 2 an exclusive easment to and the exclusive right to use for parking purposes only without limitations as to time, parking space 15, as shown on the parking space plan referred to above.

Assessor's Parcel No:

2       06 1573381 Rev. 11/17/04)

# EXHIBIT
# C

# **TEAM CALIFORNIA REALTY**

# Broker Price Opinion

## Property: 1127 10th Street, #204

## By: Jaffar Hazara, Broker
## 4/28/2011

**This Broker Price Opinion (BPO) has been prepared by Team California Realty. The purpose of this BPO is to determine the value of the property located at 1127 10th Street, #204, Santa Monica, CA 90403.**

Property Owner: Alan M. Bernstein & Stephanie D. Bernstein
Property Address: 1127 10th Street, #204
                        Santa Monica, CA 90403-5302
County: Los Angeles
Tax ID: 4281-027-043

In accordance with your request, we have inspected the above referenced
property and the Broker Price Opinion (BPO) of that inspection is attached.

The purpose of this BPO is to estimate the market value of the property described
in this, as improved, in unencumbered fee simple title of ownership. This report is
based on a physical analysis of the site and improvements, a location analysis of
the neighborhood and city, and an economic analysis of the market for properties
such as the subject.

The value conclusions reported are as of the effective date only and based on the
Sales Comparison Approach.

It has been a pleasure to assist you. Please do not hesitate to contact us if we can
be of additional service to you.

Sincerely,

Jaffar Hazara
Broker
DRE #: 01712450

## Description: The subject property is a condominium unit in a building consisting of 11 total units. The complex is a 4 story and it was built in 1971. It is located in the city of Santa Monica on only couple of blocks north of Wilshire Blvd. Property consists of only 1,307 Sq. ft. of living space with 3 bedrooms and 2 bathrooms. Parking is on the first floor and the unit has 2 reserved parking spaces. Foundation is slab, roof is composition shingle and exterior is stucco. Area Topography is considered rolling/hilly. Neighborhood has a mixture of condominiums and apartment buildings with single family homes few blocks away.

The subject is in average exterior and interior condition with no recent upgrades noticed. Subject is close to Promenade and Santa Monica Beach. The area has experienced decline in property value although at a modest rate. The condominium complex lacks such amenities as swimming pool, Jacuzzi, garden, tennis court, view etc. The lack of these amenities can affect the desirability of a condominium complex negatively.

## Estimated Value: Based on the sales Comparison Approach the estimated value of the subject property as of April 28, 2011 is determined to be **$640,000.00** in its "AS IS" condition. The closest comparable sold on 1/13/2011 for $680,000.00. The highest comp sold for $709,000.00 on 1/06/2011 and the lowest comp sold on 02/25/2011 for 606,500.00. Please note that the lowest comp also happened to be on the same street as the subject property.

## Source: The following sites were used to obtain the information necessary in order to determine the value:

1) www.mrmlsmatrix.com
2) Realist
3) Fidelity National Title

## EXTERIOR PICTURE



# INTERIOR PICTURES







Comparable Sales
For Property Located At
1127 10th St #204
Santa Monica, CA 90403-5302

Summary

| Address | City State Zip | Recording Date | Sale Price | Building Sq Ft | Price Per Sq Ft | Bedrooms | Total Baths | Dist (miles) | Year Built | Total Assessment |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. 930 California Ave # 306 | Santa Monica CA 90403 | 01/13/2011 | $680,000 | 1,460 | $465.75 | 2 | 2 | .061321 | 1974 | $126,839 |
| 2. 1235 Euclid St # 3 | Santa Monica CA 90404 | 02/25/2011 | $637,000 | 1,355 | $470.11 | 2 | 2 | .272541 | 1978 | $606,000 |
| 3. 1108 18th St # 10 | Santa Monica CA 90403 | 01/06/2011 | $709,000 | 1,413 | $501.77 | 2 | 3 | .564688 | 1981 | $604,765 |
| 4. 1804 10th St # 1 | Santa Monica CA 90404 | 02/25/2011 | $606,500 | 1,340 | $452.61 | 2 | 2 | .88829 | 2009 | $333,628 |



Realist Map

Details

| | Subject | Comp#1 | Comp#2 |
|---|---|---|---|
| Address | 1127 10th St # 204 | 930 California Ave # 306 | 1235 Euclid St # 3 |
| Property City | Santa Monica | Santa Monica | Santa Monica |
| Zip Code | 90403 | 90403 | 90404 |
| Map Page/Grid | 671-E1 | 671-E1 | 671-F1 |
| Tract Number | 35921 | 23709 | 34033 |
| School District | Santa Monica Malibu | Santa Monica Malibu | Santa Monica Malibu |
| Tax ID | 4281-027-043 | 4281-028-059 | 4282-004-028 |
| County Use Code | Condominium | Condominium | Condominium |
| Universal Land Use | Condominium | Condominium | Condominium |
| Annual Tax | $3,628 | $1,844 | $7,406 |
| Settle Date | 03/17/1999 | 11/19/2010 | 01/31/2011 |
| Sale Price | $152,000 | $680,000 | $637,000 |

| | | | |
|---|---|---|---|
| Year Built | 1971 | 1974 | 1978 |
| Recording Date | 06/14/1999 | 01/13/2011 | 02/25/2011 |
| Building Sq Ft | 1,307 | 1,460 | 1,355 |
| Style | | | Contemporary |
| Stories | | | 2 |
| Total Units | 1 | 1 | 1 |
| Total Rooms | | | 5 |
| Bedrooms | 3 | 2 | 2 |
| Total Baths | 2 | 2 | 2 |
| Full Baths | 2 | 2 | 2 |
| Fireplaces | | | 1 |
| Exterior | | | Stucco |
| Garage Type | | | Basement |
| Roof Material | | | Built-Up |
| Effective Year Built | 1976 | 1974 | 1978 |
| Water | | | Public |
| Lot Acres | .0156 | .0202 | .0286 |
| Lot Sq Ft | 680 | 880 | 1245.816 |
| Condition | | | Good |
| Quality | | | Good |
| Document No | 1087440 | 78255 | 303824 |
| Deed Type | Quit Claim Deed | Grant Deed | Grant Deed |

| | Subject | Comp#3 | Comp#4 |
|---|---|---|---|
| Address | 1127 10th St # 204 | 1108 18th St # 10 | 1804 10th St # 1 |
| Property City | Santa Monica | Santa Monica | Santa Monica |
| Zip Code | 90403 | 90403 | 90404 |
| Map Page/Grid | 671-E1 | 631-F7 | 671-F2 |
| Tract Number | 35921 | 37200 | 36261 |
| School District | Santa Monica Malibu | Santa Monica Malibu | Santa Monica Malibu |
| Tax ID | 4281-027-043 | 4276-010-064 | 4283-022-018 |
| County Use Code | Condominium | Condominium | Condominium |
| Universal Land Use | Condominium | Condominium | Condominium |
| Annual Tax | $3,628 | $7,318 | $4,346 |
| Settle Date | 03/17/1999 | 12/02/2010 | 02/02/2011 |
| Sale Price | $152,000 | $709,000 | $606,500 |
| Year Built | 1971 | 1981 | 2009 |
| Recording Date | 06/14/1999 | 01/06/2011 | 02/25/2011 |
| Building Sq Ft | 1,307 | 1,413 | 1,340 |
| Style | | | |
| Stories | | | |
| Total Units | 1 | 1 | 1 |
| Total Rooms | | | |
| Bedrooms | 3 | 2 | 2 |
| Total Baths | 2 | 3 | 2 |
| Full Baths | 2 | 3 | 2 |
| Fireplaces | | | |
| Exterior | | | |
| Garage Type | | | |
| Roof Material | | | |
| Effective Year Built | 1976 | 1981 | 2009 |
| Water | | | |
| Lot Acres | .0156 | .0306 | |
| Lot Sq Ft | 680 | 1332.936 | |
| Condition | | | |
| Quality | | | |

| Document No | 1087440 | 27001 | 300597 |
| Deed Type | Quit Claim Deed | Grant Deed | Grant Deed |

Courtesy of Jaffar Ali Hazara
CRMLS

The data within this report is compiled by CoreLogic from public and private sources. If desired, the accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.