| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Weinstein & Riley, P.S.<br>Bethany Wojtanowicz - SBN 292514<br>2001 Western Ave.<br>Suite 400<br>Seattle, WA 98121<br>Telephone: 206-493-1511<br>Facsimile: 206-269-3493<br><br>Email: BethanyW@w-legal.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAY 20 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** huerta    **DEPUTY CLERK** |
|---|---|
| | **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** |
| In re:<br><br>RUBEN FLORES AND ELIZABETH PRINGLE<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-31749-NB<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: 05/26/2015<br>TIME: 10:00 AM<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
| **Movant:** Nationstar Mortgage LLC, as servicer for Wells Fargo Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-through Certificates, Series 2004-16. ||

1. The Motion was:   ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address:*       19226 RIVIERA DRIVE
    *Unit/suite number:*
    *City, state, zip code:*  WALNUT, CALIFORNIA  91789

    Legal description or document recording number (including county of recording):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 1                                F 4001-1.RFS.RP.ORDER

```
LOT 37 OF TRACT NO. 39512, IN THE CITY OF WALNUT, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 984 PAGES 10 THROUGH 12 INCLUSIVE OF MAPS,
IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

RESERVING UNTO THE GRANTOR ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, IN OR
UNDER SAID LAND BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID LAND BUT
WITHOUT RIGHT OF ENTRY UPON THE SURFACE OF SAID LAND OR THE TOP 500 FEET THEREOF
FOR THE PURPOSE OF DEVELOPING THE SAME, TOGETHER WITH THE RIGHT TO PROSPECT FOR,
DEVELOP, PRODUCE AND REMOVE SAID OIL, GAS AND OTHER HYDROCARBON SUBSTANCES BY
MEANS OF SLANT DRILLING OR OTHER MEANS FROM LANDS OTHER THAN THE LAND HEREIN
DESCRIBED.
```

☐ See attached page.

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362(d)(1)
   b. ☐ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.
      (4) ☐ If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before *(date)* _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 2                              F 4001-1.RFS.RP.ORDER

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion
    (a) ☐ without further notice.
    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    (a) ☐ without further notice.
    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    (a) ☐ without further notice.
    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other *(specify)*:

###

Date: May 20, 2015

_Neil W. Bason_
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 3                                     **F 4001-1.RFS.RP.ORDER**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Bethany Wojtanowicz, SBN. 292514<br>2001 Western Ave., Suite 400<br>Seattle, WA 98121<br>Telephone: 206-493-1511<br>Facsimile: 206-269-3493<br>Email: BethanyW@w-legal.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION** ||
| In re:<br><br>RUBEN FLORES AND ELIZABETH PRINGLE<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-31749-NB<br><br>CHAPTER: 13<br><br>**STIPULATION FOR ADEQUATE PROTECTION RE: MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: 05/26/2015<br>TIME: 10:00 AM<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
| **Movant:** NATIONSTAR MORTGAGE LLC, AS SERVICER FOR Wells Fargo Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-through Certificates, Series 2004-16. ||

On April 6, 2015, Movant filed a Motion for Relief Docket No: 55. Debtor's counsel and Movant's counsel have conferred and have agreed upon the following terms to resolve Movant's Motion for Relief regarding the property located at 19226 Riviera Drive, Walnut, California 91789. Movant, by and through its attorney, Bethany Wojtanowicz, and Ruben Flores and Elizabeth Pringle ("the Debtors"), by and through their attorney, Kelly Warren, hereby stipulate as follows:

**IT IS THEREFORE AGREED**: The stay shall remain in effect subject to the terms and conditions set forth below in the Adequate Protection Agreement (attached),

The parties submit this stipulation for approval by the Court.

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $___$2,293.67_____ commencing *(date)* May 01, 2015___. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    Nationstar Mortgage, LLC
    P.O. Box 619094
    Dallas, TX 75261
    Account Ending in XXXX5548

3. ☒ The Debtor must cure the postpetition default computed through ___4/28/2015_____ in the sum of $_5,259.41_____ as follows:

    2 months in arrears from March 1, 2015 to April 1, 2015 on the mortgage payments. Additionally, the Debtor has $353.93 in Movants suspense account. The Debtor has agreed to pay reasonable attorney fees of $850.00 and $176.00 in court costs expended by the Secured Creditor.

    a. ☒ In equal monthly installments of $_584.38_____ each commencing *(date)* _May 20, 2015_____ and continuing thereafter through and including *(date)* __January 20, 2016(last payment in the amount of 584.37)__.
    b. ☐ By paying the sum of $_____ on or before *(date)* _____,
    c. ☐ By paying the sum of $_____ on or before *(date)* _____,
    d. ☐ By paying the sum of $_____ on or before *(date)* _____,
    e. ☐ Other *(specify):*.

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
    The disclosure statement must be approved on or before *(date)* _____
    The plan must be confirmed on or before *(date)* _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of *(three)* __3_____ notices of default and opportunities to cure pursuant to the preceding

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 1                                    **F 4001-1.RFS.RP.ORDER**

paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this. Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other *(specify):*

Cure payments must be made by certified funds only. Any change of address of debtors shall be immediately supplied to Nationstar Mortgage LLC. All written notices required hereunder shall be addressed as follows:

| Kelly Warren<br>155 W Badillo St<br>Covina, CA 91723 | Ruben Flores and Elizabeth Pringle<br>19226 Riviera Dr<br>Walnut, CA 91789 |
|---|---|

Date: 5/20/2015

Bethany Wojtanowicz SBN 292514
2001 Western Ave, Ste 400
Seattle, WA 98121
Attorney for Nationstar Mortgage LLC

Date: 5/20/2015

Kelly Warren
155 W Badillo St
Covina, CA 91723
Attorney for Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                    Page 2                                    **F 4001-1.RFS.RP.ORDER**